McIlvaine, C. J.
The principal question in this ease-arises upon the residuary clause of the will, which reads a» *487 follows: “ The balance of my estate shall be equally divided among all the heirs herein named.” To whom was the residuum given ?
The objects of the testatrix’s bounty named in her will may be divided into classes as follows :
1. Her husband relict — Edmund' B. Townsend.
2. Her collateral blood relatives — the Wests.
2. The blood relatives of her first husband — the Kuglers.
4. Persons who were not related to her either by blood or marriage.
5. Religious and benevolent institutions.
The controversy arises among the first three classes, each of which claims the residuum of the estate to the exclusion of all others.
Except for the purpose of ascertaining the relation by blood, marriage, or association, between the testatrix and each of the beneficiaries named in the will, the extrinsic testimony which has been offered in the case is of little or no significance. It may be assumed that a sense of duty or moral obligation, as well as love and affection, was a motive which influenced the testatrix in disposing of her property. But in determining the question before' us, her intention as to the residuum can not be ascertained from the motives which may have influenced the particular bequests made in the will, but from the words which she used in disposing of it. ‘ The sole inquiry is, whom did she mean by the words “ all the heirs herein named ?” A few well-settled rules of construction will solve this question.
1. The intention of the testatrix should be ascertained and carried out.
2. Such intention must be ascertained from the words which she used in her will.
3. The words which she used, if technical, must be taken in their technical sense, and if not technical, then in their ordinary sense, unless it appears from the context that they were used by' the testatrix in some secondary sense.
4. All the parts of the will must be construed together; *488 and effect, if possible, must be given to every word contained in it.
By applying these rules, it is clear that the persons entitled under the residuary clause jnust be found among those named in other clauses of the will. Such is the effect of the words “ herein named.”
It is also clear that the testatrix intended to embrace within this clause a plurality of persons. Not simply because the word “heirs” is in the plural, but also because the gift was to “ all the heirs ” named; and further, the balance of the estate w;as to be “ divided among ” them.
The persons entitled to take under this clause must also •come within the meaning of the descriptive word “heirs.” 'This is a technical word, which, in its strict legal sense, embraces those persons named in the will, and only those upon whom the law would have cast the estate in the ■event of her death intestate.
Under our statute of descents, the whole of the estate, if ■such intestacy had occurred, would have been cast upon her surviving husband; and if the word “ heirs ” is to be taken in its strict legal meaning, there is no other person named in the will who could take any part of the residuum •of the estate. Prom the context, however, it is manifest, as ■above shown, that the testatrix did not use the word in that strict sense.
While, therefore, the strict legal sense of the word must be departed from, in order to carry out the manifest intention of the testatrix, we are not authorized by anything in the context to extend the meaning of the word so as to embrace persons who, under the law, could not in any contingency have succeeded to the estate as heirs of the deceased. 'The will can be executed, and every word contained in it fully satisfied, without giving to the word “ heirs ” such extraordinary signification. In the line of descent under the statute, next after the husband, was the brother of the testatrix, and after him other blood relatives. Many of these are named in the will, and each of them might, upon certain contingencies, have become an heir to her estate. As *489 the husband relict alone does not answer the description of persons entitled to take under this clause, neither do the husband and brother. The gift is not to both the heirs named, nor is it to be divided between them, but to all the heirs named, and must be divided among them. If the word “ heirs,” in its larger sense, including all in the line of •descent, be taken as the meaning of the testatrix, then every other word in the residuary clause, according to its ordinary meaning, becomes effective in expressing. the intention of the testatrix. But in no possible event or contingency could the blood relatives of her first husband, who were not of her blood, have succeeded to this estate under our laws of descent. Brower v. Hunt, 18 Ohio St. 311; Bathrop v. Young, p. 451 of this volume. Hence the Kuglers must be excluded from all participation in this residuary gift. Indeed, there is no sense in which the testatrix ■could have used the word “ heirs,” except as a substitute for “legatees,” that would bring this class of persons named in the will within the intention of this clause. And if upon the whole will, and in the light of extrinsic circumstances, we were constrained to substitute “ legatees ” for ■“ heirs,” then,those legatees of the fimrth and fifth classes ■above named would be let in — to wit, persons not related to the testatrix by either blood or marriage, and all the benevolent and religious associations named in the will. For such construction or conclusion no one contends; and we think it would be alike contrary to the actual and the legal intention of the testatrix. "W e think the meaning of the will, as the law discovers it, is to divide the residuum, share and share alike, among all those persons named therein who might, under some circumstances, have stood in the relation of heirs to the testatrix.
It is also made a question in the case whether the real ■estate can be charged with the payment of the money legacies.
¥e think the testatrix intended to make the charge. The money bequests were largely in excess of the personal ■estate of the testatrix. This fact was certainly known to *490 her at the time she made the will. The will was made in contemplation of approaching death. No change in the condition of property before her death was contemplated; and it was also known to her that a large surplus would remain after full-payment of all debts and legacies would be made out of the whole estate. The only disposition made of the realty was in the residuary clause, wherein the bequest was made of “the balance of my estate.” From these circumstances, we are of opinion that the residuary devisees must take the realty, subject to the payment of legacies. The executors are therefore entitled to an order for the sale of so much of the real estate described in the-petition as may be necessary for the payment of the legacies.

Decree for plaintiffs.

Welch, White, Rex, and Gilmore, JJ., concurred.